**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roger Alexander,<br><br>    Petitioner,<br><br>v.<br><br>Jefferson B. Sessions, III,<br>Attorney General of the United States<br><br>    Respondent. | No. CV-16-04514-PHX-DGC<br><br>**ORDER** |

Petitioner Roger Alexander appealed a final order of removal issued by the Board of Immigration Appeals ("BIA"). Doc. 33-2. The Ninth Circuit found that there are genuine issues of material fact regarding Petitioner's nationality, and transferred the matter to this Court under 8 U.S.C. § 1252(b)(5)(B). Doc. 33. During a conference call with the Court, counsel for the parties expressed disagreement on the burden of proof to be applied in this proceeding. The Court requested memoranda from the parties regarding the relevant burden of proof. Docs. 39, 40, 41. The Court will apply the burden of proof outlined below.

**I.    Section 1252(b)(5)(B).**

"[O]nce removal proceedings have been initiated, a petition for review under 8 U.S.C. § 1252(b)(5) is the only avenue by which a person may seek a judicial determination of his or her status as a national of the United States." *Chau v. I.N.S.*, 247 F.3d 1026, 1028 n.2 (9th Cir. 2001). Under this provision:

> If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court . . . for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28.

8 U.S.C.A. § 1252(b)(5)(B).

The Ninth Circuit retains jurisdiction over the petition, holding it in abeyance while it "refer[s] proceedings to the district court for the sole purpose of resolving a 'genuine issue of material fact.'" *Mondaca-Vega v. Lynch*, 808 F.3d 413, 424 (9th Cir. 2015), *cert. denied*, 137 S. Ct. 36 (2016); *see also Anderson v. Holder*, 673 F.3d 1089, 1093 (9th Cir. 2012). The Ninth Circuit has expressed doubt as to whether a district court's conclusions under § 1252(b)(5)(B) are "separately appealable[,]" emphasizing instead that such conclusions are a component of the judicial review of an order of removal. *See Anderson v. Holder*, 673 F.3d at 1093-94; *Rose v. Sessions*, No. 11-73778, 2017 WL 655776, at *2 (9th Cir. Feb. 17, 2017).

## II. *Mondaca-Vega* Burden Shifting.

There has been some disagreement about the appropriate standard to be applied by the district court in a referred matter under § 1252(b)(5)(B). In 2015, the Ninth Circuit, sitting *en banc*, found no error where the district court, "[a]fter finding the petitioner had introduced sufficient evidence that he is a U.S. citizen, . . . shifted the burden to the government to rebut by 'clear, unequivocal, and convincing' evidence[.]" *Mondaca-Vega*, 808 F.3d at 417. The district court in *Mondaca-Vega* had concluded that "[t]he petitioner bears the initial burden of proving United States citizenship by a preponderance of the evidence." *Mondaca-Vega v. Holder*, No. CV-04-339-FVS, 2011 WL 2746217, at *9 (E.D. Wash. July 14, 2011). On review, the Ninth Circuit majority made no reference to the preponderance of the evidence standard mentioned by the district court. Instead, in describing the general standards that apply in such cases, the majority stated that the petitioner had the burden of producing "substantial credible evidence," after which the

burden would shift to the government to produce clear, unequivocal, and convincing evidence:

> The government "bears the ultimate burden of establishing all facts supporting deportability by clear, unequivocal, and convincing evidence." *Chau v. INS,* 247 F.3d 1026, 1029 n. 5 (9th Cir. 2001). When, however, the government offers evidence of foreign birth, a "rebuttable presumption of alienage" arises, "shifting the burden to the [alleged citizen] to prove citizenship." *Id.* Upon production by a petitioner of "substantial credible evidence" of the citizenship claim, this presumption bursts and the burden shifts back to the government to "prov[e] the respondent removable by clear and convincing evidence." *Ayala-Villanueva v. Holder,* 572 F.3d 736, 737 n.3 (9th Cir. 2009)[.]

*Id.* at 419.

Thus, although the primary question in *Mondaca-Vega* was whether "clear, unequivocal, and convincing evidence" is tantamount to proof beyond a reasonable doubt (the majority said no, the standard is the same as the traditional "clear and convincing" evidence), the Court of Appeals endorsed a three-part burden-shifting approach under § 1252(b)(5)(B): (1) if the government offers evidence of foreign birth, (2) the petitioner must present "substantial credible evidence" of citizenship, (3) after which the government must counter with clear and convincing evidence. *Id.* at 419-20.

*Mondaca-Vega* did not describe the level of proof required to meet the "substantial credible evidence" standard. In another immigration removal case, however, the Ninth Circuit explained that "[s]ubstantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir. 2007) (citation and quotation marks omitted); *Rose*, 2017 WL 655776, at *2 ("Substantial evidence is more than a mere scintilla, but less than a preponderance.") (citation, quotation marks, and alterations omitted).

The government argues that petitioner should be required in this case to prove his citizenship by a preponderance of the evidence. The government's briefing is not clear on whether the government views this as the only burden in the case, with Petitioner

succeeding or failing on whether he can present a preponderance of the evidence, or whether the government is simply arguing that the second step of the three-step process described above requires a preponderance of the evidence. As the government argues in its reply that this is his "initial burden" (Doc. 41 at 6), the Court will assume that the government is arguing that the second step of the three-step process must be satisfied by a preponderance of the evidence.[1]

The Court cannot conclude that the second step of the burden-shifting approach to be applied in this case requires a preponderance of the evidence. As noted above, the Ninth Circuit's decision in *Mondaca-Vega* requires only substantial credible evidence. Elsewhere, the Ninth Circuit has declined to impose a preponderance of the evidence burden on a petitioner claiming to be a citizen in a removal proceeding. In *Murphy v. I.N.S.*, 54 F.3d 605 (9th Cir. 1995), the Court of Appeals found that requiring a petitioner during administrative removal proceedings "to rebut, by a preponderance of the evidence, the presumption of alienage established when the INS set forth a prima facie case, improperly relieved the government of its burden of proving alienage by clear and convincing evidence." *Id.* at 609. Rather, the court explained, the "presumption established by a prima facie case does not reduce the government's burden of persuasion, but merely requires the opponent to go forward with evidence." *Id.* at 610. "The burden

---

[1] Cases cited by the government are not particularly clear on this issue either. *See* Doc. 39 at 6. For example, the government cites *Zuniga-Hurtado v. Holder*, 588 F. App'x 563 (9th Cir. 2014), an unpublished disposition which mentions the preponderance of the evidence standard, but which relies on *Sanchez-Martinez v. I.N.S.*, 714 F.2d 72 (9th Cir. 1983), another case cited by the government that discusses a burden-shifting approach similar to the three-step procedure discussed above. *Id.* at 74. Other cases cited by the government for a preponderance of the evidence standard also make reference to a three-step process. *See*, *e.g.*, *Caballero v. Holder*, No. 2:13-CV-00992 JWS, 2014 WL 1763203, at *2 (D. Ariz. May 5, 2014) (mentioning preponderance of the evidence standard, but then stating: "When, as here, there is evidence . . . that the petitioner was born in a foreign country, the petitioner must provide 'substantial credible evidence in support of [her] citizenship claim.' In the event the petitioner can meet this burden, the Government then bears the 'ultimate burden of proving the respondent removable by clear and convincing evidence.'") (footnotes omitted).

of persuasion remains on the government at all times to establish alienage by clear and convincing evidence[.]" *Id.*

The Ninth Circuit subsequently described the burden shifting applicable to removal proceedings in these words:

> In a deportation proceeding, the INS bears the ultimate burden of establishing all facts supporting deportability by clear, unequivocal, and convincing evidence. However, evidence of foreign birth gives rise to a rebuttable presumption of alienage, shifting the burden to the respondent or deportee to prove citizenship. If the deportee can produce substantial credible evidence in support of his or her citizenship claim, thereby rebutting the presumption, INS' burden of proving deportability by clear and convincing evidence again comes into play.

*Chau*, 247 F.3d at 1029 n.5 (9th Cir. 2001) (citing *Murphy*, 54 F.3d 605 at 609-610); *see also Ayala-Villanueva*, 572 F.3d at 738 n.3.

These cases seem to make clear that once the government offers evidence of foreign birth, a petitioner must produce substantial credible evidence in support of his or her citizenship claim. If the petitioner does so, the burden shifts back to the government to show a lack of citizenship by clear and convincing evidence.[2]

## III. Removal Proceedings.

The government argues that when an issue of nationality is referred to a district court under § 1252(b)(5)(B), the district court decision is to be made as if the petitioner had brought an action seeking declaratory judgment under 28 § U.S.C. 2201. 8 U.S.C. § 1252(b)(5)(B). Because individuals requesting a declaratory judgment of citizenship bear the burden of proving citizenship by a preponderance of the evidence, an individual

---

[2] To the extent the government is arguing, contrary to the Court's assumption above, that the three-step process does not apply at all in this case, and that the only question is whether Petitioner can prove his citizenship by a preponderance of the evidence, the Court does not agree with the government's position. This conclusion is supported by the reasons set forth below and by the fundamental premise that the government "'bears the ultimate burden of establishing all facts supporting deportability by clear, unequivocal, and convincing evidence.'" *Mondaca-Vega*, 808 F.3d at 419 (quoting *Chau*, 247 F.3d at 1029).

claiming citizenship before the district court in a § 1252(b)(5)(B) proceeding must satisfy the same burden of proof. Doc. 39 at 5-6. Although the Court sees some logic in this argument, Ninth Circuit law does not support it.

*Mondaca-Vega* concerned a § 1252(b)(5)(B) proceeding in the district court – the same kind of proceeding as this case. 808 F.3d at 418. And although § 1252(b)(5)(B) does state that the matter is to be heard as if an action had been brought in the district court under the declaratory relief provision, that provision (28 U.S.C. § 2201) says nothing about the burden of proof. Rather, the reference to § 2201 appears to be intended to make clear that the district court must conduct a de novo hearing, not simply rule on the basis of the record before the court of appeals. *See Mondaca-Vega*, 808 F.3d at 435 (R.N. Smith, J., concurring) ("Congress was clear then and is clear now – the district court is to conduct the de novo hearing and make a decision, just as if the action was brought as a declaratory judgment action under § 2201."). As the Ninth Circuit has noted, "[a]lthough Congress has provided for varying burdens of proof within the Immigration and Nationality Act, it has not specifically addressed the burden in § 1252(b)(5)(B) proceedings." *Id.* at 420 n.7.

The government concedes that *Mondaca-Vega* applies to removal proceedings, but argues that a district court proceeding under § 1252(b)(5)(B) is not part of such a proceeding. The government argues that the district court decision is separate from the removal proceeding, is not governed by *Mondaca-Vega*, and requires the petitioner to prove his citizenship by a preponderance of the evidence. If he fails, he is not a citizen and the court of appeals may continue with the removal proceeding. Doc. 41 at 5.

The Court does not agree. Section 1252 is titled "Judicial Review of Removal Orders." 8 U.S.C. § 1252. As this title suggests, the section applies to review by a court of appeals of a removal order entered by the BIA. As noted above, "once removal proceedings have been initiated, a petition for review under 8 U.S.C. § 1252(b)(5) is the only avenue by which a person may seek a judicial determination of his or her status as a national of the United States." *Chau*, 247 F.3d at 1028 n.2. The court of appeals retains

jurisdiction over the petition, holding it in abeyance while it "refer[s] proceedings to the district court for the sole purpose of resolving a 'genuine issue of material fact.'" *Mondaca-Vega*, 808 F.3d at 424. The proceeding before the district court, although a de novo hearing, clearly is a part of the overall removal proceeding.

The government emphasizes a "critical distinction" between removal and citizenship proceedings which, it argues, supports the application of distinct burdens of proof: "A declaratory judgment of citizenship or nationality, unlike a removal order, is binding on the issue of citizenship or nationality" and endows an individual with important privileges and benefits. Doc. 39 at 7. A person seeking a declaratory judgment of citizenship or nationality is affirmatively presenting evidence and requesting a federal court to endow him with all of the privileges and benefits thereof. *Id.* The government quotes the Supreme Court to contend that it "has a strong and legitimate interest in ensuring that only qualified persons are granted citizenship. For these reasons, it has been universally accepted that the burden is on the alien applicant to show his eligibility for citizenship in every respect." *Id.* (quoting *Berenyi v. Dist. Dir., Immigration & Naturalization Serv.*, 385 U.S. 630, 637 (1967)).

The Court concludes, however, that context matters. *Berenyi* dealt with a petition for naturalization from an alien with authorized presence who did not face an immediate risk of deportation. 385 U.S. at 632-35. The Supreme Court specifically noted that "[w]hen the Government seeks to strip a person of citizenship already acquired, or deport a resident alien and send him from our shores, it carries the heavy burden of proving its case by 'clear, unequivocal, and convincing evidence.'" *Id.* at 636. Subsequent cases have established that the clear and convincing evidence standard applies to all removal proceedings. *See Mondaca-Vega*, 808 F.3d at 424.

While an individual seeking a declaratory judgment of citizenship under § 1252(b)(5)(B) may be seeking important rights and benefits, he is also facing a risk of serious harm. "'To deport one who so claims to be a citizen, obviously deprives him of liberty. . . . It may result also in loss of both property and life; or of all that makes life

worth living.'" *Kungys v. United States*, 485 U.S. 759, 792 (1988) (Stevens, J., concurring) (quoting *Ng Fung Ho v. White,* 259 U.S. 276, 284 (1922)); *see also Mondaca-Vega*, 808 F.3d at 431, 422 (noting that "an alienage determination implicates important rights").

Absent clear direction to the contrary from the Ninth Circuit, the Court concludes that the *Mondaca-Vega* burden shifting scheme applies in cases such as this.

**IV. Special Circumstances.**

The government also argues that *Mondaca-Vega* applies only when there are special circumstances – where the petitioner has received prior determinations of citizenship from the government or otherwise has been the recipient of benefits only available to United States citizens. Doc. 39 at 9. In an older case, *Sanchez-Martinez*, the Ninth Circuit declined to decide this question. 714 F.2d at 74.

The Ninth Circuit has yet to rule on whether the burden-shifting standard recognized in *Mondaca-Vega* applies outside situations where a petitioner has previously been treated as a citizen by the government. In *Mondaca-Vega* itself, the INS had previously allowed the petitioner's wife and children to obtain derivative citizenship through him, and the government had issued him a United States Passport. 2011 WL 2746217, at *9. Thus, *Mondaca-Vega* involved "special circumstances."

Notably, however, the majority opinion in *Mondaca-Vega* did not comment on these circumstances when finding no error in the district court's application of the burden of proof. It simply noted that clear and convincing evidence is the intermediate burden used in civil cases when particularly important individual interests are at stake and, specifically, in "alienage-determination proceedings." *Mondaca-Vega*, 808 F.3d at 417.[3]

The Court also finds a logical weakness in the government's argument that *Mondaca-Vega* burden shifting arises only when special circumstances are present. According to the argument, if a petitioner demonstrates special circumstances, then he

---

[3] The Ninth Circuit explained: "We use the term 'alienage determination' to refer to adjudications made pursuant to 8 U.S.C. § 1252(b)(5)(B) and 8 U.S.C. § 1503(a)." *Mondaca-Vega*, 808 F.3d at 420 n.6.

has the burden to come forward with substantial credible evidence, which will shift the burden back to the government to demonstrate alienage by clear and convincing evidence. But courts appear to treat the special circumstances as satisfying the burden of substantial credible evidence. *Id.* at 419 ("The petitioner possessed a valid U.S. passport and successfully petitioned for the adjustment of status of his wife and children based on his purported status as a U.S. citizen. This is 'substantial credible evidence' of U.S. citizenship."). Thus, limiting the *Mondaca-Vega* approach to special circumstances would render a portion of its test meaningless. The petitioner's burden under the test – substantial credible evidence – would be satisfied in every case.

## V. Subsequent Application of *Mondaca-Vega.*

The relevancy of the *Mondaca-Vega* approach is confirmed by other cases. Another judge on this Court (and a former Immigration Judge) applied *Mondaca-Vega* burden shifting to a § 1252(b)(5)(B) proceeding just last month. *See Tapia-Felix v. Lynch*, No. CV-15-01464-PHX-SPL, 2017 WL 949964, at *2 (D. Ariz. Mar. 10, 2017). The case arguably included "special circumstances," but the district court did not conclude that special circumstances were a prerequisite to application of *Mondaca-Vega* burden shifting. Rather, the court noted that "[t]he parties have stipulated that because Petitioner was issued a U.S. passport and his daughter obtained a certificate of U.S. citizenship based on his purported status as a U.S. citizen, Petitioner has produced 'substantial credible evidence' of his U.S. citizenship. Therefore, the parties agree that the ultimate burden rests with the Government to prove that Petitioner is removable by clear, unequivocal, and convincing evidence." *Id.*, at *2 (citing *See Mondaca-Vega*, 808 F.3d at 419). Notably, another judge of this court has applied the burden shifting in a context that did not involve "special circumstances." *See Tiznado-Reyna v. Holder*, No. CV-14-02428-TUC-JGZ, 2016 WL 3213221, at *3 (D. Ariz. June 10, 2016). Moreover, *Mondaca-Vega* burden shifting has been applied to § 1252(b)(5)(B) proceedings by district judges outside the Ninth Circuit. *See, e.g.*, *Mwaipungu v. Yates*, No. 4:14-CV-

1996 JAR, 2017 WL 386543, at *5 (E.D. Mo. Jan. 27, 2017) (relying on *Mondaca-Vega*, 808 F.3d at 419).

The Ninth Circuit has recently issued an unpublished opinion that supports the Court's conclusion. *See Rose*, 2017 WL 655776, at *2. Reviewing an appeal of a final administrative order of removal, the Ninth Circuit referred a claim of citizenship to the district court under § 1252(b)(5)(B). Following the district court's determination, the Ninth Circuit resumed its review. The court noted that "[i]n an unusual ruling," the district court found that the evidence of the petitioner's citizenship was "in perfect equipoise" – that the Petitioner was equally as likely to have a valid claim to citizenship as not. *Id.* The Ninth Circuit then applied "the legal framework applicable to removal proceedings as established . . . in *Mondaca-Vega*[.]" *Id.* The court concluded:

> Here, the evidence led the district court to determine that no "particular paternity scenario is more likely than any other," *i.e.*, that the evidence was in perfect equipoise. Critically, the government did not appeal this determination; and, with the evidence hovering at the fifty yard line, the district court's "equipoise" finding necessarily establishes that Michael met his burden of producing at least "substantial credible evidence" that Harry is not his father and that he is a U.S. citizen.
>
> Because Michael rebutted the foreign birth presumption, *see Mondaca-Vega*, 808 F.3d at 419, the burden shifted back to the government to prove all facts supporting removal "by clear, unequivocal, and convincing evidence," *Berenyi v. Dist. Dir., INS*, 385 U.S. 630, 636 (1967) (quoting *Woodby v. INS*, 385 U.S. 276, 286 (1966)). The district court's ruling that the evidence was equally balanced dictates our conclusion that the government failed to prove by clear, unequivocal, and convincing evidence that Michael is not a citizen.

*Id.* (emphasis in original). If the burden had been on the petitioner to prove citizenship before the district court by a preponderance of the evidence, as the government contends, he would have failed.

**VI. Conclusion.**

The Court will apply *Mondaca-Vega* burden shifting to Petitioner's claim of citizenship. The Court will schedule a status conference with the parties on **April 26, 2017 at 2:00 p.m.** to determine how the case should proceed in light of this ruling.

Dated this 11th day of April, 2017.

_____
David G. Campbell
United States District Judge